Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
  & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for ESKANOS & ALDER, P.C., IRWIN ESKANOS, JEROME YALON &
ARROW FINANCIAL SERVICES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR AMBRIZ, | Case No.:  CV 07-5423 JFW (SSx) |
|      Plaintiff, | DECLARATION OF MARK E. ELLIS IN SUPPORT OF OPPOSITION TO MOTION FOR ATTORNEYS' FEES |
| v. | |
| ARROW FINANCIAL SERVICES, LLC., ESKANOS & ADLER, a Professional Corporation, JERMONE YALON, IRWIN J. ESKANOS, | DATE: May 19, 2008<br>TIME:  1:30 p.m.<br>Courtroom 16 |
|      Defendants. | |

I, Mark E. Ellis, declare that:

1.    I am an attorney duly licensed to practice in all courts of the State of California, as well as all the federal courts in California and the Ninth Circuit Court of Appeals.  I am the Managing Partner of the law firm of Ellis, Coleman, Poirier, LaVoie & Steinheimer, LLP ("Ellis, Coleman").   I have reviewed the litigation file and pleadings, as well as the court docket for this case, and I possess personal knowledge of the information set forth herein below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2.    I am a 1982 graduate of the College of William & Mary.  I graduated from

- 1 -

California Western School of Law in 1985, <u>cum laude</u>.  At graduation, I was awarded the Diane Gafford Ethics Award by the faculty for outstanding ethical behavior.  During law school, I acted as the Head Lead Article Editor of the Law Journal and I was a published member of that law review.  From August 1985 to August 1987, I served as one of the judicial law clerks for the Honorable Ray E. Munson of the Washington State Court of Appeals, Division III.  In October 1987, I began as an associate attorney at Murphy, Pearson, Bradley & Feeney.  I became a non-equity shareholder in January of 1993, and I became an equity shareholder in approximately 1996.  Murphy, Pearson, Bradley & Feeney ("MPBF") is an "AV" rated firm by Martindale-Hubbell.  I left MPBF and founded Ellis, Coleman in October of 2006.  A copy of my firm's web page and my biography is attached hereto as **Exhibit A.**

3.    In 2004, 2005, 2006, 2007, and again in 2008, I was voted by other Northern California attorneys as one of the top 5% of lawyers practicing in Northern California, and I was listed in San Francisco and Law and Politics magazines as a Northern California "Super Lawyer" based upon a survey of attorneys throughout Northern California.

4.    I have practiced regularly and extensively in the areas of Fair Debt Collection Practices Act defense and Fair Credit Reporting Act defense, including class action litigation; I have done so for the last 20 years.  I am the past California Chairman (2001-2002) for the American Collector's Association's Member Attorney Participation ("MAP") Program.  This is an organization made up of attorneys who, among other things, defend law firms and collectors.  I am regularly retained throughout California to defend attorneys and debt collector who have been sued for collection law violations, but primarily those cases are heard in the United States District Court for the Northern District of California.  I have regularly defended debt collectors and attorneys sued in both state and federal courts over the last 20 years.  I regularly lecture and publish articles on areas of collection law.  A representative list of trials and settlements, published opinions, articles and presentations is included in **Exhibit A,** attached hereto.

- 2 -

5.     I have participated as lead counsel in more than 50 jury or bench trials, as well as arbitrations, in both the state and federal courts.  My practice both with Murphy Person, Bradley & Feeney and now with Ellis, Coleman, et al., is a general litigation practice.  While I have an extensive experience and expertise in FDCPA litigation, my firm also has a general litigation practice in which we represent plaintiffs and defendants in a variety of civil litigation ranging from catastrophic personal injury to legal malpractice to business litigation.

6.     I have participated in numerous cases leading to published opinions, both in the state and federal courts at both the trial and appellate levels.  These cases include: **Camacho v. Bridgeport Financial, Inc.,** _____ F.3d _____ 2008 WL 1792808 (9th Cir. 2008) (FDCPA);   **Pintos v. Pacific Creditors Ass'n** 504 F.3d 792 (9th Cir. 2007) (FCRA); **Costa v. National Action Financial Services** 2007 WL 4526510 (E.D. Cal. 2007) (FDCPA);   **Guevarra v. Progressive Financial Services Inc.** 497 F.Supp.2d 1090 (N.D. 2007) (FDCPA); **Camacho v. Bridgeport Financial, Inc.,** 430 F.3d 1078 (9th Cir.2005) (FDCPA);   **Palmer v. Stassinos**, 348 F.Supp.2d 1070 (N.D. Cal. 2004) (FDCPA); **Irwin v. Mascot**, 370 F.3d 924 (9th Cir. 2004) (FDCPA); **Bracken v. Harris & Zide**, 219 F.R.D. 481 (N.D. Cal 2004) (FDCPA); **Renick v. Dun & Bradstreet**, 290 F.3d 1055 (9th Cir. 2002) (FDCPA); **Martin v. Wells Fargo Bank**, 91 Cal.App.4th 489 (2001); **Mahon v. Credit Bureau of Placer County**, 171 F.3d 1197 (9th Cir. 1999) (FDCPA); **Naas v. Stolman**, 130 F.3d 892 (9th Cir. 1997) (FDCPA); **Irwin v. Mascott**, 112 F.Supp.2d 937 (N.D. Cal. 2000) (FDCPA); **Orix Credit Alliance v. Horton**, 965 F.Supp. 481 (S.D.N.Y. 1997); **Newman v. Checkrite**, 912 F.Supp. 1354 (E.D. Cal. 1995) (FDCPA); and **Costa v. Wells Fargo Bank**, 172 B.R. 954 (Bkrtcy. E.D. Cal. 1994).

7.     I am familiar with the competence, as well as the customary billing rates, of the attorneys who routinely handle debt collection related cases and issues in Northern California.  My current average hourly billing rate for **_all_** of my clients for which I was actually paid is in the $200 to $300 range.  My regular billing rates actually

- 3 -

paid by private paying clients for defense of complex FDCPA cases is in the $200 to $240 range, and for defense of routine FDCPA cases such as this one, is in the $195 to $225 range. The average billing rate that Ellis, Coleman Partners are actually paid by clients for all litigation services, other than for FDCPA cases, is in the $200 to $300 per hour range. In this case, my client is paying $210 per hour for my services and those of my partners.

8. My personal knowledge of customary billing rates for plaintiff and defendant attorneys handling FDCPA cases is based on:

(a) the billing rates I am personally able to obtain to litigate cases throughout California,

(b) the billing rates that other Ellis, Coleman Partners are able to negotiate and charge clients to litigate FDCPA cases,

(c) my personal discussions with my clients, and other business persons regarding hourly rates they pay attorneys to handle FDCPA cases,

(d) discussions with other attorneys regarding the hourly rates they are paid for FDCPA cases,

(e) my personal experience in litigating FDCPA cases in federal court, and

(f) my personal experience with contested fee applications sought by FDCPA plaintiff attorneys and which I have opposed. As well as numerous court orders awarding attorneys' fees in FDCPA cases that I have reviewed.

9. Based on my experience and personal knowledge, I believe that most if not all of my clients would be unwilling to pay more than $250 per hour for my legal services in FDCPA cases, and I believe the same is true of the legal services of Alexander Trueblood and Robert Stempler provided in this case. I have personal knowledge of Mr. Trueblood and Mr. Stempler's experience and handling of FDCPA cases, having litigated cases against both of them over the past few years.

10. I have reviewed the various pleadings in this case. I have also reviewed the correspondence and plaintiff's motion for attorney's fees and supporting declarations,

- 4 -

1  the discovery, case management statements, initial disclosures and notice of settlement.

2      11.   It is my experience that some cases are hotly contested and/or involve

3  novel questions of law or difficult procedural issues.

4      12.   This is not such a case.  The sole efforts expended on this case was for

5  cookie-cutter discovery.  This case was not a complex case, and many of the services

6  provided in this case could have been performed by a paralegal with a little oversight.

7      13.   Based upon my experience and personal knowledge, in my opinion, I

8  believe that the reasonable market rate for the legal services provided by Mr. Trueblood

9  and Mr. Stempler should be in the $200 per hour range.   This is based upon the

10  following facts:

11      (a)   FDCPA jurisprudence establishes that generally, FDCPA cases are simple

12  rather than complex, and the reasonable fee awards in FDCPA cases <u>involving contested</u>

13  <u>motions or even trial</u> should be in the $5,000-$7,000 range, using reasonable market

14  rates in the $200 range.  (**Savino v. Computer Credit, Inc.** (E.D.N.Y. 1999) 71

15  F.Supp.2d 173, 176-77 ("**Given the simplicity and routine nature of the issues that**

16  **were eventually presented to the Court,**" reasonable fees for prosecuting 4 motions,

17  including a motion for summary judgment, opposing a sanction motion, and conducting

18  various discovery, including a deposition are approximately $4,000, derived from 20

19  hours at approximately $200 per hour); **Altergott v. Modern Collection Techs., Inc.**

20  (N.D. Ill. 1994) 864 F.Supp. 778, 783 (reasonable fees for bringing 2 motions for

21  summary judgment and opposing one, propounding discovery, moving to amend and

22  then amending the complaint, drafting a protective order, moving to compel discovery,

23  and defending plaintiff's deposition was $5,080, with a blended rate for 40 hours of

24  approximately $127).)

25      (b)   From a survey of FDCPA cases, the average reasonably hourly market

26  rates awarded in FDCPA cases around the country is approximately $200, even if the

27  case is venued in District Courts, where the hourly market rates are higher, such as New

28  York or San Francisco.  (<u>See, e.g.,</u> **Cooper v. Sunshine Recoveries, Inc.** (S.D.N.Y.

- 5 -

2001) 2001 U.S. Dist. LEXIS 8938, *12 (noting that "recent cases in New York City have awarded fees in FDCPA cases at rates of $175 and $200 per hour," citing cases, and holding that a reasonably hourly rate is $200); **Hagan v. Mrs Assocs.** (E.D. La. 2001) 2001 U.S. Dist. LEXIS 6789, *10 n.11 (collecting recent FDCPA cases which awarded attorneys' fees at an hourly rate of $200 or less).)

(c)    The $200 billing rate I opine as reasonable under the circumstances in this case are in line with Mr. Trueblood and Mr. Stempler's experience and the complexity of this case.    This is in line with the $210 per hour that I am actually charging my clients.

(d)    The services provided by plaintiff's counsel in this case are not valued by the market at $350  or more per hour and are not agreed to or paid by actual clients. Based on all of these facts, I do not believe that the services provided by plaintiff's counsel here justified $300 per hour and certainly not the $350 and $495 per hour which they claim.

14.    Based on, ***inter alia***, the above facts, the hourly charges that are sought by Mr. Trueblood and Mr. Stempler are clearly not within the range of market rates charged by private attorneys of similar skill, reputation, and experience in the California area for comparable FDCPA litigation.    Notably, neither Mr. Stempler's declaration, Mr. Trueblood's declaration, nor Mr. Anderson's declaration state that any client of theirs has ever agreed to pay the rates which they are requesting my client pay in this action.

15.    This is not to say that there is no situation in which Mr. Trueblood's legal work may be worth $495 per hour and no situation in which Mr. Stempler's legal work may be worth $350 per hour.    This is just not one of them.    Higher hourly rates may even be appropriate in some FDCPA cases. FDCPA cases may involve large class actions where huge sums of money are at stake for the litigants.    It is possible for FDCPA cases to be complex and involve numerous legal issues of first impression that require significant legal analysis and strategy.    But this is not one of them.    This case

- 6 -

1    was simple and straightforward and it was settled before any legal issues were litigated.

2        16.    The recent decision by Judge Otis Wright in <u>Miller v. Eskanos & Adler</u>

3    also was not a case in which Mr. Trueblood or Mr. Stempler should have been awarded

4    hourly rates of $495 and $350 respectively.  <u>Miller</u> was another simple FDCPA case in

5    which plaintiff's counsel performed little or no legal work.  Yet the court rubber-

6    stamped plaintiff's fee claim and awarded plaintiff over $20,000.  Decisions such as the

7    <u>Miller</u> decision will have the undesirable affect of forcing defendants to litigate every

8    case unless liability is certain.  In <u>Miller</u>, the defendant, my client, made a Rule 68 Offer

9    of Judgment for the nominal amount of $1,001 plus reasonable attorney's fees.

10   Although neither I nor my client believed that there was any liability in the case, we

11   recognized that a jury trial in federal court would be expensive.  Therefore, prior to any

12   court appearances, any depositions and any law and motion work, we offered judgment

13   in an attempt to end the case without incurring significant attorney's fees.  However,

14   Judge Wright awarded plaintiff's counsel over $20,000 in attorney's fees for nominal

15   work that could have been performed by a junior associate. Indeed, Judge Wright even

16   awarded plaintiff's counsel fees for work that was <u>not performed</u> (2 hours for Trueblood

17   to prepare a reply brief and 1 hour to attend the hearing – yet Stempler prepared the

18   reply brief and the matter was taken under submission without a hearing) and awarded

19   plaintiff's counsel fees for work performed in a completely different case (Judge Wright

20   credited Trueblood with 5 hours of time in fees for attending a deposition in the

21   underlying collection case – a deposition that was not part of the federal case and was

22   not attended by Eskanos & Adler).  If this result had been anticipated, we never would

23   have offered to settle the <u>Miller</u> case and instead would have spent the money defending

24   the meritless claim.  Due to the <u>Miller</u> case, in which the Court simply rubber-stamped

25   the plaintiff's fee claim regardless of how high an hourly rate and the stage of the

26   litigation, defendants in fee-shifting situations will be unable to commit to settling cases

27   and will be discouraged from making Offers of Judgment.  This goes against the clear

28   judicial policy of encouraging settlements and the desire to have litigants to work out

- 7 -

1  their differences without need of the Court or a jury.  But when a Court awards a
2  plaintiff an amount of fees which would cover a short jury trial, in a case that involved
3  no court appearances and minimal discovery, defendants and defense attorneys are no
4  longer going to be able to make or recommend such settlement offers.  The result will
5  be a clogging of the courts with cases going to trial that normally would and should
6  settle.

7        I declare under penalty of perjury under the laws of the State of California that the
8  foregoing is true and correct and that this Declaration was executed on this 5th day of
9  May 2008, in Sacramento, California.

11  Mark E. Ellis

DECLARATION OF MARK E. ELLIS IN SUPPORT OF OPPOSITION TO MOTION FOR
ATTORNEYS' FEES

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.   My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On May 5, 2008, I served the following document(s) on the parties in the within action:

## DECLARATION OF MARK E. ELLIS IN SUPPORT OF OPPOSITION TO MOTION FOR ATTORNEYS' FEES

| X | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| | |
|---|---|
| Alexander B. Trueblood<br>TRUEBLOOD LAW FIRM<br>10940 Wilshire Boulevard<br>Suite 1600<br>Los Angeles, CA 90024 | Attorneys for<br>Plaintiff Cesar Ambriz |
| Robert Stempler<br>Consumer & Tax Law Office<br>3400 Inland Empire Blvd., Suite 101<br>Ontario, CA 91764 | Attorneys for<br>Plaintiff, Cesar Ambriz |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on May 5, 2008.

By  Jennifer E. Mueller

DECLARATION OF MARK E. ELLIS IN SUPPORT OF OPPOSITION TO MOTION FOR ATTORNEYS' FEES



**ELLIS, COLEMAN, POIRIER, LAVOIE & STEINHEIMER, LLP**

HOME PRACTICE AREAS ATTORNEYS NEWS PUBLICATIONS CONTACT US

## Excellence In Trial & Appellate Advocacy

**Ellis, Coleman, Poirier LaVoie & Steinheimer, LLP** is a boutique trial and litigation law firm dedicated to the philosophy that clients are best served by hiring lawyers who are willing and able to try their cases effectively and well. The Firm's partners have established reputations in handling a varied range of practice areas, both at trial and on appeal. The partners pride themselves on their excellent reputations for skill and professionalism in several practice areas, including professional malpractice defense (particularly on behalf of lawyers), personal injury litigation, and complex commercial litigation involving businesses and consumers.

The partners also are proud that 50 percent of the owners of the firm are women. The Firm is committed to the promotion of women in the practice of law.

The Firm's partners possess nationwide reputations in defending agencies and law firms sued under the federal Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), and their state law equivalents. The attorneys at Ellis Coleman possess extensive experience in handling complex litigation, including class actions under Federal Rule of Civil Procedure 23 and under California's Unfair Competition Law, Business and Professions Code § 17200.



Our partners, from top clockwise, Ron Poirier, Mark Ellis, Andrew Steinheimer, Theresa LaVoie, Wendy Vierra and June Coleman.

Founding and Managing Partner Mark E. Ellis has defended hundreds of professional malpractice cases, taking more than 30 of these cases to trial or arbitration. As of spring of 2008, Mr. Ellis had not lost a legal malpractice case which reached final disposition by way of either jury verdict or court judgment.

Since its founding in the fall of 2006, Ellis, Coleman, Poirier, LaVoie & Steinheimer, LLP has more than tripled in size. The firm's partners each have specific areas of practice in which they possess a special expertise and in which they concentrate. Nonetheless, the firm is committed to handling all types of serious litigation. The partners believe that all successful litigation – whether in prosecuting or defending a case – requires a systematic analysis of the issues, circumstances and people involved. Each case is unique and requires its own individual plan and approach. The Firm sees its strength in the partners' abilities to break down issues in any case so they can be effectively presented to a judge or jury.

Recent trials by the partners have involved such varied areas of the law as legal malpractice defense, FDCPA defense, FCRA defense, banking and commercial law, breach of contract, plaintiff's personal injury, and the defense of a wrongful death case.

Representative clients of the firm include Wells Fargo Bank, Chubb Specialty Group Insurance, Fireman's Fund Insurance, Monitor Liability Managers, National Interstate, St. Paul-Travelers and Navigators Insurance.

The Firm's mission statement is that each case will be individually tailored and handcrafted for trial, not settlement. The partners of Ellis, Coleman, Poirier, LaVoie & Steinheimer, LLP believe this approach is much more likely to produce a favorable resolution for the client because opposing parties understand that the Firm's partners will not only try the case, but try it well.

The Firm's partners bring more than 75 years of combined legal experience to each client and case. The Firm also works with certain highly experienced attorneys who act as "of counsel" on selected cases. Significantly, we enjoy the practice of law and are excited about doing it well. This shows in our dedication to our clients and our commitment to their cases. We are decidedly not a "9-to-5" law firm. Every single day, we represent clients who have serious legal problems. The partners understand that our clients' reputations, finances and futures are often at risk. For these reasons, the partners of Ellis, Coleman, Poirier, LaVoie & Steinheimer, LLP zealously represent their clients. It is a job the Firm welcomes and takes seriously.

Return To Top



ELLIS, COLEMAN, POIRIER, LAVOIE & STEINHEIMER, LLP

HOME    PRACTICE AREAS    ATTORNEYS    NEWS    PUBLICATIONS    CONTACT US

## Practice Areas

Attorneys of **Ellis, Coleman, Poirier, LaVoie and Steinheimer, LLP** are seasoned trial and appellate advocates who practice in both federal and state courts. The firm focuses on the following areas:

- Civil Trial and Litigation Generally
- Commercial Litigation
- Business Litigation
- Class Action Defense
- Insurance Litigation
- Professional Malpractice Defense
- Legal Malpractice Defense
- Legal Ethics and Risk Management
        Consultation and Advice

- Fair Debt Collection Practices Act Defense
- Fair Credit Reporting Act Defense
- Family Law
- Officers and Directors Defense
- Premises and Products Liability
- Real Estate Litigation
- Appellate Advocacy
- Employment Law Defense
- Serious Personal Injury Litigation
        (plaintiffs and defendants)

For specifics about the practices of individual attorneys, please see the attorney profiles accessible on the "Attorneys" page.



ELLIS, COLEMAN, POIRIER, LAVOIE & STEINHEIMER, LLP

HOME    PRACTICE AREAS    ATTORNEYS    NEWS    PUBLICATIONS    CONTACT US



**Contact Information**
916.283.8820
mellis@ecplslaw.com

**Law School**
California Western School of
Law, 1985
Cum Laude

**Undergraduate**
College of William & Mary,
1982

**Expertise**
- Trial Advocacy
- Appellate Advocacy
- Professional Liability
  Defense
- Commercial Litigation
- Business Litigation
- FDCPA Defense
- FCRA Defense
- Serious Personal
  Injury Cases on
  Behalf of Plaintiffs
  and of Defendants

Return To Top

# Mark E. Ellis

## Practice Focus

Founding partner Mark E. Ellis is a trial lawyer and litigator whose practice embraces civil litigation in both state and federal courts. He has tried more than 50 cases.

Mr. Ellis regularly defends professionals sued for malpractice, malicious prosecution, ethics violations, and other professional wrongdoing. Mr. Ellis has defended hundreds of malpractice cases, taking more than 30 to trial or arbitration. As of the spring of 2008, he has never lost a legal malpractice case that reached final determination by jury verdict or court judgment.

Mr. Ellis also handles financial institution, business and commercial litigation, including complex litigation involving class actions under **Federal Rule of Civil Procedure 23** and under California's Unfair Competition Law, **Business and Professions Code, Section 17200**. His practice includes commercial and consumer litigation in state and federal courts related to the federal **Fair Debt Collection Practices Act** and the **Fair Credit Reporting Act**, as well as their state equivalents.

In 2004, 2005, 2006 and 2007, Mr. Ellis was chosen by other attorneys as one of the top 5 percent of lawyers practicing in Northern California, and was named a Northern California "Super Lawyer" in *San Francisco Magazine*.

Mr. Ellis' practice includes the representation of clients before the appellate courts. A former appellate law clerk, Mr. Ellis has handled more than 50 appeals before state and federal appellate courts. In February 2006, he was one of the winning attorneys in *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, a decision by the California Supreme Court. Increasingly, his practice includes representing plaintiffs in serious personal injury actions.

Mr. Ellis has participated in dozens of trials and/or binding

arbitrations. He has won approximately 90 percent of those trials
or arbitrations that reached decision.

Mr. Ellis is licensed to practice in the State of California and the State of Washington, before
all the Federal District Courts of California as well as several other federal district courts
throughout the country. He is admitted to practice before the United States Court of Appeals
for the Ninth Circuit.

## Education

Mr. Ellis earned his Bachelor's degree in Government from the College of William & Mary in
1982.

He received his J.D. from California Western School of Law in 1985, graduating *cum laude*.

In law school, Mr Ellis also:

- Received the Diane Gafford Ethics Award upon graduation (1985)

- Received the Lloyd Griffin Ellis Scholarship (1984, 1985)

- Served on the Law Journal as a published member of the staff (1983-1984) and then as
  Head Lead Articles Editor (1984-1985)

- Served as a Legal Writing Honor's Instructor (1983-1984)

## Professional Affiliations

Mr. Ellis is a member of the Sacramento, San Francisco, California, Washington State and
American Bar Associations, the Federal Bar Association, the Defense Research Institute, the
Association of Defense Counsel for Northern California, the Professional Liability-
Underwriter's Society (PLUS), the Member Attorneys Program ("MAP") of the American
Collectors Association, and the American Trial Lawyers Association. He served as the
California MAP Chairman (2001-2002) for the American Collectors Association. He regularly
acts as a judge Pro Tem in the settlement department of the Sacramento Superior Court.

## Work History

- Judicial Clerkship (1985-1987): Washington State Court of Appeals, Division III, to the
  Hon. Ray E. Munson

- Associate, Partner, Shareholder (1987-2006): Murphy, Pearson, Bradley & Feeney

- Partner (2006-Present): Ellis, Coleman, Poirier, LaVoie & Steinheimer, LLP

## Representative Trials and Settlements

- ***Bloom v. HBCW (September/October 2007)*** Legal Malpractice – Defense verdict for
  client law firm after a five-week jury trial; verdict for client law firm on fee cross claim
  for full amount of the claim.

- *Challas v. Goetz* (July 2007) Bankruptcy – Favorable ruling for client after a bench trial.

- *State Bar v. JB* (May-August 2007) Involuntary Enrollment Proceeding – Determination in favor of client attorney denying the State Bar's demand for involuntary enrollment after 5-day trial.

- *McKee v. Eskanos & Adler* (December 2006) Fair Debt Collection Practice Act (FDCPA) defense. Defense verdict obtained for client law firm sued for allegedly violating the FDCPA after 6 day jury trial in Federal District Court for the Central District of California.

- *Kubat v. Henderson*(May 2006) Legal Malpractice and Breach of Fiduciary. Nonsuit entered in favor of client attorney during second week of trial.

- *Ellis v. Grant and Weber* (April 2006) FCRA Defense. $1.5 million claim settled during second week of trial for nominal settlement.

- *Andrews v. Shearer* (February 2006) Plaintiff Personal Injury. Settlement in favor of client plaintiff for $1,350,000

- *Ruiz v. Citrus Grove* (March 2005) Plaintiff Wrongful Death. Settlement in favor of client plaintiffs in excess of $1,700,000.

- *Denny v. Latham* (May/June 2005) Wrongful Death Defense. Jury verdict entered in favor of client defendant after three week jury trial.

- *Loduca v. Polyzos, dba QMC* (October 2004) Breach of Contract. Judgment in favor of client following trial.

- *Campos v. Wells Fargo Bank* (August 2004) Commercial. Judgment entered in favor of client bank after adversarial trial in U.S. Bankruptcy Court.

- *Hall v. U.S. Express* (March 2004) Plaintiff Personal Injury. Settlement during second week of trial in excess of $850,000 in favor of client personal injury victim.

- *ANPAC v. Mason & Thomas* (Jan/Feb 2004) Legal Malpractice and Breach of Contract. Jury verdict entered in favor of law firm clients after three-week jury trial in U.S. District Court.

- *Wells Fargo Bank v. Tyson* (Spring 2003) Commercial. Judgment in favor of client bank in excess of $350,000; cross-complaint against bank dismissed.

- *Holesapple v. Shepard & Haven* (November 2002) Legal Malpractice. Action dismissed against attorney clients; settlement in favor of client attorneys on the fee cross-claim in excess of $480,000.

- *Kinsey v. Viega* (March 2002) Legal Malpractice and Breach of Fiduciary Duty. Judgment in favor client attorney during trial.

- *Campbell v. Zumbrun* (July-November 2001) Judgment entered in favor of client attorney after 5-month trial on legal malpractice claim; judgment entered on fee cross-

claim in favor of client in excess of $2,400,000.

- ***Greenwell v. David Allen & Assoc.*** (April & June 2000) Judgment entered for client attorneys after 2-month jury trial on legal malpractice claim.

- ***Wang v. Grodin*** (April 1999) Legal Malpractice/Malicious Prosecution/Abuse of Process. Nonsuit granted in favor of client attorney during trial.

- ***Bregman v. Seligman*** (November 1997) Legal Malpractice. Dismissal in favor of client attorneys during jury trial.

- ***Gunderson v. Valente*** (September 1997) Legal Malpractice. Verdict for client attorney following jury trial.

Representative Published Opinions

- ***Johnson v. Credit International*** (9th Cir. 2007) 2007 WL 3332813 (FDCPA)

- ***Pintos v. Pacific Creditors Ass'n,*** (9th Cir. 2007) _____ F.3d ____ 2007 WL 2743502 (FCRA)

- ***California Capital Ins. Co. v. Farmers Ins. Group (Edmondson Property Management v. Kwock)*** (5th Dist. 2007) ____ Cal.App.4th ___, 2007 DJ DAR 15967 (Insurance)

- ***Loduca v. Polyzos*** (3rd Dist. 2007) 153 Cal.App.4th 334 (Contract)

- ***Rusheen v. Cohen*** (2006) 37 Cal. 4th 1048 (lawyer-litigation privilege)

- ***Hancock v. Receivables Management Solutions*** (N.D. Cal. 2006) 2006 WL 1525723 (FDCPA)

- ***Abels v. JBC Legal Group, Inc.*** (N.D. Cal. 2006) 434 F. Supp. 2d 763 (FDCPA/Rosenthal FDCPA)

- ***Palmer v. Stassinos*** (N.D. Cal. 2006) 236 F.R.D. 460 (FDCPA/Rosenthal FDCPA)

- ***Abels v. JBC Legal Group, Inc.*** (N.D. Cal. 2006) 233 F.R.D. 645 (FDCPA/Rosenthal FDCPA)

- ***Palmer v. Stassinos*** (N.D. Cal. 2006) 233 F.R.D. 546 (FDCPA)

- ***Trevino v. ACB American, Inc.*** (N.D. Cal. 2006) 232 F.R.D. 612 (FDCPA)

- ***Campos v. Wells Fargo Bank*** (E.D. Cal. 2005) 345 B.R. 678 (judgment for client bank after trial in adversary proceeding affirmed on appeal to district court)

- ***Camacho v. Bridgeport*** (9th Cir. 2005) 430 F. 3d 1070 (FDCPA)

- ***Johnson v. AMO Receivables Management*** (N.D. Cal. 2005) 2005 WL 3968292 (FDCPA)

- ***Palmer v. Stassinos*** (N.D. Cal. 2005) 348 F. Supp. 2d 1070 (FDCPA)

- ***Bracken v. Harris & Zide*** (N.D. Cal. 2004) 219 F.R.D. 481 (FDCPA)

- ***Beach v. Harco National Insurance Co.*** (2003) 110 Cal. App. 4th 82 (Commercial/Insurance)

- ***Renick v. Dun & Bradstreet*** (9th Cir. 2002) 290 F. 3d 1055 (FDCPA)

- ***Martin v. Wells Fargo Bank*** (2001) 91 Cal. App. 4th 489 (Commercial)

- ***Irwin v. Mascott*** (N.D. Cal. 2000) 112 F. Supp2d 937 (FDCPA)

- ***Mahon v. Credit Bureau of Placer County*** (9th Cir. 1999) 171 F. Supp. 3d 1197 (FDCPA)

- ***Naas v. Stolman*** (9th Cir. 1997) 130 F. 3d 892 (FDCPA)

- ***Plunkett v. Spaulding*** (1997) 52 Cal. App. 4th 114 (Medical Malpractice)

- ***Orix Credit Alliance v. Horton*** (S.D. N.Y. 1997) 965 F. Supp. 481 (Commercial)

- ***Newman v. Checkrite*** (E.D. Cal. 1995) 912 F. Supp. 1354 (FDCPA)

- ***Costa v. Wells Fargo Bank*** (Bkrtcy. E.D. Cal. 1994) 172 B.R. 954 (Commercial/Banking)

- ***Carlton v. Tortosa*** (1993) 14 Cal. App. 4th 745 (Real Estate Broker Malpractice)

- ***Nichols v. Keller*** (1993) 13 Cal. App. 4th 1672 (Legal Malpractice)

- ***Merenda v. Superior Court*** (1992) 3 Cal. App. 4th 1 (Legal Malpractice)

- ***U.S. Roofing v. Credit Alliance Corp.*** (1991) 228 Cal. App. 3d 1431 (Commercial)

Articles

Published by the California Association of Collectors in their monthly trade magazine, **Collectors Ink:**.

- "The Rosenthal FDCPA" (February 2006) (with June Coleman)

- "The FCRA and You" (October 2003)

- "Overview of State Debt Collection Regulations" (April 2003)

- "Alright. You've Been Sued . . . Now What Do You Do?" (December 2002)

- "Collection of Time-Barred Accounts" (August 2002)

- "Medical Collections: The Continuing Controversy of Whether California Welfare and

Institutions Code, Section 17401 Prohibits Collection Agencies from Charging Interest" (June 2002)

- "Essential Components of an Employee Manual" (April 2002, with Barbara Cotter)

- "Answers to Collection Questions from Members of the American Collectors' Association" (January 2002, with Jacob Koper)

- "Promote an Open Door Policy at Work to Discourage Employment-Related Claims" (November 2001, with Barbara Cotter)

- "Is Your Attorney Meaningfully Involved In Your Collection Process?" (June 2001, reprinted in two parts in the ACA's "MAP Bulletin," September/October 2001)

- "An Update on Overshadowing" (March 2001, reprinted in the ACA's "MAP Bulletin", August 2001)

## Other Publications and Articles

- "Practical Legal Ethics in California" (National Business Institute, February 2004)

- "California Law on Legal Malpractice" (1993, 1996 and updated 2002)

- "Practical Legal Ethics in California: Issues and Answers" (National Business Institute, February 1999)

- "10 Ways to Avoid Legal Malpractice" (Sacramento County Bar Magazine, 1994)

## Presentations

- "Legal Panel Discussion" California Association of Collectors 90th Annual Convention and Expo – Participate on legal panel speaking on various issues relating to current issues in FDCPA and FCRA law. (Monterey, CA October 2007)

- "Litigating to Win Through Advanced Trial Advocacy" Seminar panel presentation on, among other things, ethical considerations during trial and effective closing argument. (Sacramento, CA Oct. 2007, NBI Seminars)

- "Rules and Procedures for Federal Court Success" Seminar panel presentation with Kevin Culhane and Jeffrey Nevin (Sacramento, CA November 2007, NBI Seminars)

- "Debt Collections in California under the Federal and California (Rosenthal) Fair Debt Collection Practices Acts." Seminars to Tenet Health Care (April 26 (St. Louis) and April 27 (Dallas) 2006)

- "Essential FDCPA Training." Teleseminar to member agencies of the California Association of Collectors (February 2004)

- "Anatomy of a Lawsuit." A panel presentation with Tim Halloran, Andrew Steinheimer and Douglas Muirhead of Gulf Insurance at the California Association of Collectors 86th Annual Convention and Expo (September 2003)

- "Essential FDCPA Training." Teleseminar to member agencies of the California Association of Collectors (April 2003)

- "Malpractice and the Consumer Case; Representation of the Debtor -- Potential Malpractice Pitfalls." A Panel Presentation with John Tosney and Jack Haycock to the Northern California Consumer Bankruptcy Conference (February 2003)

- "Current Trends in California FDCPA Litigation." Presented to the California Association of Collectors Legal & Legislative Conference (March 2002)

- "Tales from the Frontline: Workshop and Legal Update." Presented to the California Association of Collectors 85th Annual Convention and Expo (October 2002)

- "Meaningful Attorney Involvement, Attorney Fee Splitting, and the Unauthorized Practice of Law." MAP teleseminar with Ronald Sargis (September 2001)

Personal

Mr. Ellis was born and raised in Fredericksburg, Virginia where he developed an interest in the Civil War that continues to this day. He is married and has two sons.

Return To Top