|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **PRIORITY SEND** |

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 07-5423-JFW (SSx)** | Date: May 15, 2008 |
| Title: | Cesar Ambriz -v- Arrow Financial Services, LLC, et al. | |

**PRESENT:** HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly<br>Courtroom Deputy | None Present<br>Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING PLAINTIFF'S MOTION TO RE-OPEN THE ACTION AND FOR AWARD OF ATTORNEY'S FEES AND COSTS, PURSUANT TO SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND ALL NAMED DEFENDANTS [filed 4/24/08; Docket No. 24]

On April 24, 2008, Plaintiff Cesar Ambriz ("Plaintiff") filed a Motion to Re-Open the Action and for Award of Attorney's Fees and Costs, Pursuant to Settlement Agreement Between Plaintiff and All Named Defendants ("Motion"). On May 5, 2008, Defendants Eskanos & Alder, P.C., Irwin Eskanos, Jerome Yalon, and Arrow Financial Services (collectively, "Defendants") filed their Opposition. On May 12, 2008, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 19, 2008, is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On August 20, 2007, Plaintiff filed his Complaint, alleging violations of the Fair Debt Collections Practices Act, and the Rosenthal Fair Debt Collection Practices Act. In February 2008, the parties conducted a mediation. In March 2008, all the parties agreed on the terms of a settlement, which included an agreement that Defendants would pay Plaintiff $9,500 in damages and Plaintiff's reasonable attorney's fees and costs. The parties were unable to reach a consensus regarding the amount of attorney's fees and costs to which Plaintiff was entitled, and, therefore, Plaintiff filed this Motion.

**II.     Discussion**

In this case, there is no dispute amongst the parties that, pursuant to the terms of the settlement agreement, Plaintiff is entitled to his reasonable attorney's fees and costs.[1]  The only issue is what constitutes a reasonable amount of attorney's fees.  Plaintiff is seeking $37,322.50 in attorney's fees, and Defendants argue that the Court should award no more than $8,000 in attorney's fees.  Plaintiff also is seeking $1,359.58 in costs and expenses.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This equation is commonly referred to as the "lodestar."  *See Welch v. Metropolitan Life Ins. Co.*, No. 04-56768, 2007 WL 656390, at *2 (9th Cir. Mar. 6, 2007).  The prevailing rate in the community is indicative of the reasonable hourly rate for purposes of calculating attorney's fees using the lodestar method.  *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).  The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.  *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984).  The fee applicant also "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'"  *Welch*, *supra*, 2007 WL 656390 at *2 (quoting *Hensley*, *supra*, 461 U.S. at 433).  In making its reasonableness determination, the district court has considerable discretion to adjust the lodestar upward or downward on the basis of the twelve factors set forth in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976), some of which are subsumed into the initial lodestar calculation.[2]  *Morales*, *supra*, 96 F.3d at 364.

The Supreme Court has cautioned that if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  *Hensley*, *supra*, 461 U.S. at 436.  Where, as here, recovery of private damages is the purpose of litigation, "'a district court in fixing fees is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.'"  *Farrar*, *supra*, 506 U.S. at 114 (quoting *Riverside v. Rivera*, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment)).  Indeed, "[i]t is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the 'extent of success' and the

---

[1]  As a preliminary matter, Plaintiff's Motion also asks the Court to re-open this case so that the Court can decide the attorney's fees issue.  The Court finds that Plaintiff has shown good cause for re-opening the case and, therefore, **GRANTS** Plaintiff's request to re-open this case.

[2] These "subsumed factors" include (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; (4) *the results obtained*; and (5) the contingent nature of the fee agreement.  *Morales*, *supra*, 96 F.3d at 364, n.9.  In the Ninth Circuit, the favored approach is to adjust the lodestar on the basis of the subsumed reasonableness factors *before* calculating the lodestar.  *Id.*

amount of the fee award." *McGinnis v. Kentucky Fried Chicken of California*, 51 F.3d 805, 810 (9th Cir. 1994) (quoting *Farrar*, *supra*, 506 U.S. at 115-116). "Such a comparison promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.'" *Farrar*, *supra*, 506 U.S. at 114 (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)). "[T]his assessment is distinct from a proportionality analysis between the amount of damages awarded and the amount of counsel fees requested, which is an impermissible basis upon which to reduce a fee award." *Sheffer v. Experian Information Solutions, Inc.*, 290 F. Supp. 2d 538, 550-551 (E.D. Pa. 2003) (citing *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1042 (3rd Cir. 1996) ("[T]he reason why the damage amount is relevant is not because of some ratio that the court ought to maintain between damages and counsel fees. Rather, the reason has to do with the settled principle ... that counsel fees should only be awarded to the extent that the litigant was successful.")).

### A.     The Hourly Rates Requested By Plaintiff Is Reasonable

Plaintiff seeks fees for the work conducted by his attorneys, Alexander B. Trueblood ("Trueblood") and Robert Stempler ("Stempler") (collectively, "Plaintiff's Counsel"), at a rate of $495 per hour and $350 per hour, respectively. In his declaration, Stempler states that his current hourly rate is $350 per hour, and also cites multiple cases in state and federal court in California throughout his 16 years of practice in which his requested hourly rate has been found to be reasonable. For example, in July 2007, Judge King in the Central District of California case of *Barnett v. Shekinah, Inc.*, found Stempler's then-hourly rate of $300 to be reasonable. Stempler Decl., ¶¶ 14-15, and generally. In his declaration, Trueblood states that his current rate is $495 per hour, and also cites multiple cases in state and federal court in California throughout his 18 years of practice in which his requested hourly rate has been found to be reasonable. For example, in July 2007, Judge Morrow in the Central District of California case of *Willoughby v. DT Credit Corp.*, found Trueblood's then-hourly rate of $400 to be reasonable. Trueblood Decl., ¶¶ 8 & 13, and generally. In addition, Plaintiff submits the Declaration of Martin W. Anderson in support of Plaintiff's Counsels' hourly rates. Anderson is an attorney with 13 years of experience who states that his current hourly rate for litigation involving similar issues as this case is $425. Anderson Decl., ¶ 4.

Therefore, while Defendants' argue that the requested hourly rates are too high, the Court agrees with Stempler, Trueblood, and Anderson that Trueblood's rate of $495 per hour and Stempler's rate of $350 per hour are reasonable for attorneys in the Los Angeles area with 16 to 18 years of experience. Accordingly, the Court finds that Plaintiff has produced satisfactory evidence that the rate requested for his counsel is in line with prevailing rates in the community. *See United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (holding that "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases, particularly setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate").

### B. Not All The Hours Billed By Plaintiff's Counsel Are Reasonable

Plaintiff requests an award of $ 37,322.50[3] in fees, representing 53.6 hours billed by Stempler and 37.5 hours billed by Trueblood, for a total of 91.1 hours billed. Plaintiff's Counsel have attached as exhibits to their declarations their firms' computerized time records for the time spent on this case. Defendants argue that Plaintiff's Counsel has over-billed the case by spending unreasonable and excessive amounts of time on tasks, including tasks that should have been performed by administrative staff, and by duplication of efforts by the two attorneys. The Court has conducted its own independent review of the computerized time records submitted by Plaintiff's Counsel and has determined that the hours billed by Plaintiff's counsel are not all reasonable.

#### 1. Reduction Of Billable Hours For "Block Billing"

"'Block billing' is the 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Welch*, *supra*, 2007 WL 656390 at *1, n.2 (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n. 15 (10th Cir. 1996)). It is reasonable for a district court to conclude that a fee applicant submitting block-billed time entries has failed to carry his burden to submit evidence which properly documents the hours expended on the litigation because block billing makes it more difficult to determine how much time was spent on particular activities. *Id.* at *4. The Court's review of the time records submitted by Plaintiff's Counsel reveals numerous entries that have been improperly block-billed by both Trueblood and Stempler. Based upon this block-billing, it is impossible for the Court to determine how much time was spent on any discrete task within these entries, and it is reasonable for the Court to assume that such block-billing has resulted in over-billing by approximately 20 percent. *See, id.* (noting that a 20 percent reduction for each specific block-billed entry appeared appropriate but that the district court erred in applying a blanket 20 percent reduction to all of fee applicant's requested hours where barely more than half of the hours submitted had been block-billed). Accordingly, for the reasons stated below, the Court will reduce the following block-billed entries:

- 12/22/07, Stempler, .90 hours, "Prepare written discovery to Arrow, document demands and interrogatories, including email to Trueblood re missing info.";

- 12/31/07, Stempler, .50 hours, "Prepare interrogatories and document demands to Arrow Financial;

- 2/23/08, Stempler, 2.20 hours, "Continue preparing settlement brief for James Johnson, including extensive review of case law for possible inclusion in brief, but declined to brief cases in brief, review, edit, and finalize";

- 2/24/08; Stempler, .60 hours, "Final review and revisions to settlement conference

---

[3] Plaintiff requested $32,480 in attorney's fees, excluding costs and expenses, in the Motion, and an additional $4,842.50 in attorney's fees in the Reply for time spent reviewing Defendants' Opposition, and researching and drafting the Reply.

> brief, confidential mediator's brief, including additional Westlaw research of Cal Case on enforcing void judgments";
>
> - 2/28/08, Stempler, .20 hours, "Review email from Andrew Steinheimer re deposition dates, speak with client about scheduling issues, and respond with details of depositions";
>
> - 2/28/08, Stempler, 2.90 hours, "Prepare motion for summary judgment, close review of the facts";
>
> - 2/29/08, Stempler, .90 hours, "Continue to research and prepare motion for summary judgment";
>
> - 3/4/08, Stempler, .30 hours, "Prepare notice of settlement for the Court and stipulation re applying for an award of attorney's fees, expenses, and costs, email to Trueblood with my concerns";
>
> - 3/25/08, Stempler, .20 hours, "Review file re settlement status, call and left msg for Andrew Steinheimer, update joint settlement notice and sign it, email it to Steinheimer with my comment to please file it with the Court promptly";
>
> - 3/31/08, Stempler, .20 hours, "Followup my March 25 email to defense counsel, left voice message for Andrew Steinheimer and email defense counsel re Joint Notice";
>
> - 4/1/08, Stempler, .50 hours, "Revise notice of settlement and prepare proposed order re settlement and efile with the court";
>
> - 12/22/07, Trueblood, .30 hours, "Review interrogatories and doc demands to Estakanos, make edits and advise Stempler";
>
> - 1/22/08, Trueblood, .30 hours, "Review email from Stempler re discovery and respond, review draft of discovery";
>
> - 3/5/08, Trueblood, .30 hours, "Review proposed stip re settlement, and emails re same from defense and Stempler";
>
> - 3/11/08, Trueblood, .70 hours, "Draft letter to Steinheimer requesting payment of attorneys fees, review time records and Stempler's time records";
>
> - 4/6/08, Trueblood, 1.10 hours, "Review time records, remove unbillable entries, review Stempler's time and declaration, and calculate costs"; and,
>
> - 4/6/08, Trueblood, .80 hours, "Finalize fee application, email Stempler re handling logistics of filing and preparing notice of motion."

The Court thus finds that Plaintiff's Counsel has improperly block-billed a total of 12.9 hours,

including 9.4 hours by Stempler and 3.5 hours by Trueblood.  In light of *Welch*, the Court will reduce these hours by 20 percent.  Accordingly, the Court will deduct 1.9 hours from Stempler's hours billed and .70 hours from Trueblood hours billed prior to calculating the lodestar.

### 2.    Reduction Of Billable Hours for Time Allotted To Ministerial Or Otherwise Uncomplicated Tasks

The Court finds that several other entries were the result of tasks that were administrative in nature such that it would be unreasonable for Plaintiff's Counsel to bill their client for those tasks.  For example, Trueblood billed .50 hours on August 20, 2007, related to "Oversee[ing] service of summons and complaint."  It is unclear what tasks Trueblood was performing for those 30 minutes, or that those tasks are ones for which an attorney should be billing the client, as opposed to having them performed by a paralegal or secretary.  *See, Davis v. City and County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on denial of rehearing*, 984 F.2d 345 (9th Cir. 1993).  Moreover, on December 6, 2007, Trueblood billed .80 hours for "Draft memo to Stempler re facts and discovery plan, co counsel agreement, and summary of client docs."  However, it is inappropriate for Trueblood to bill his client – or, to now ask Defendants to pay – for the administrative task of negotiating a fee agreement with his co-counsel, Stempler.  Because Trueblood has block billed this entry and the Court cannot determine how much of the time was spent negotiating the fee agreement, the Court will also deduct this .80 hours prior to calculating the lodestar.  Therefore, the Court will deduct 1.30 hours prior to calculating the lodestar for these administrative tasks.

In addition, Trueblood billed 2.50 hours on October 29, 2007, for attending the Scheduling Conference that the Court had previously taken off calendar.  While Trueblood claims he did not receive notice that the Scheduling Conference had been taken off calendar, the Court did, as Defendants confirm, send notice of this change to the parties.  Moreover, it is Trueblood's responsibility to confirm the time and location of Court hearings (including whether or not those hearings are still taking place), and, therefore, it would be unreasonable to ask Defendants to pay for Trueblood's mistake.  Thus, the Court will deduct this 2.50 hours prior to calculating the lodestar.

### 3.    Reduction Of Billable Hours for Inconsistent or Erroneous Entries

The Court finds two categories of time entries that require reduction because the billing records are either inadequate, inconsistent, or erroneous.  First, Stempler and Trueblood engaged in a number of telephonic conferences, but often billed different amounts of time for the same conference.  Billing entries in which Stempler and Trueblood billed different amounts of time for a telephone conference include:

- 12/31/07, Stempler billed .20 hours for a telephone conference, and Trueblood billed .80 hours;

- 2/8/08, Stempler billed .10 hours for a telephone conference, and Trueblood billed .20 hours;

- 2/13/08, Stempler billed .20 hours for a telephone conference, and Trueblood billed

     .50 hours;

- 2/18/08, Stempler billed .30 hours for a telephone conference, and Trueblood billed .40 hours; and

     In addition to finding that these time entries are suspect because the attorneys' billing records do not match, the Court finds that the descriptions for these time entries fail to adequately describe the nature of the conference, which prevents the Court from determining why it was necessary for two experienced attorneys to continuously "confer and bill" on the most routine matters (*e.g.,* the February 13, 2008, entry by Trueblood that states "Conf w Stempler re discovery status, depositions"). Therefore, the Court finds the above-referenced entries to be unreasonable, and will deduct them from the hours billed prior to calculating the lodestar. Accordingly, the Court will deduct .80 hours from Stempler's hours billed and 1.90 hours from Trueblood's hours billed prior to calculating the lodestar.

     Similarly, with respect to the telephonic mediation on February 25, 2008, Stempler billed 3.5 hours, while Trueblood billed only 1.00 hour. In the absence of any explanation or justification by Plaintiff's Counsel, the Court finds that it was unreasonable for both Stempler and Trueblood to attend the mediation. The mediation did not involve complex issues and Trueblood, as the senior attorney, was certainly capable of representing Plaintiff at the mediation. Accordingly, the Court finds Trueblood's charge of 1.00 hour for attending the mediation reasonable, and will deduct the 3.5 hours billed by Stempler prior to calculating the lodestar.

     Second, on several occasions, there is no corresponding time entry by the attorney with whom the attorney billing time allegedly conferred. Billing entries in which either Stempler or Trueblood billed for a telephone conference, and for which there is no corresponding entry by the other attorney, include:

- 12/31/07, Trueblood billed .40 hours for a "Conf w Stempler re dismissal, possibility of malicious prosecution in federal court" and Stempler did not bill for any such conference;

- 1/27/08, Trueblood billed .30 hours to "Confer with Stempler re taking of depo of process server witness, pros and cons" and Stempler did not bill for any such conference;

- 1/29/08, Trueblood billed .80 hours to "Review of case status, and confer with Stempler re service of two defendants who refuse to accept service through counsel" and Stempler did not bill for any such conference;

- 2/20/08, Stempler billed .20 hours for a "Telephone Conference with Alec Trueblood re status of case and settlement and procedures and depositions" and Trueblood did not bill for any such conference;

- 2/22/08, Trueblood billed .50 hours for "Conf w Stempler and client in preparation for mediation" and Stempler did not bill for any such conference;
- 2/22/08, Trueblood billed .40 hours to "Prepare for mediation with Stempler" and

>   Stempler did not bill for any such conference;

- 2/25/08, Trueblood billed .60 hours to "Discuss legal issue of defendant's threatened motion to dismiss Yalon and Eskanos defendants for lack of service, with Stempler, review authorities gathered by Stempler" and Stempler did not bill for any such conference;

- 2/26/08, Stempler billed .10 hours for "Telephone Conference with Trueblood re service information provided by E&A" and Trueblood did not bill for any such conference;

- 2/26/08, Stempler billed .30 hours for "Telephone Conference with [*sic*] Discuss case facts and possible MSJ with Trueblood, discuss depo of American Legal" and Trueblood did not bill for any such conference; and

- 2/28/08, Trueblood billed .30 hours for "Conf w client and Stempler re depositions proposed by defendants of Ambriz and his family" and Stempler did not bill for any such conference.

In the absence of any evidence explaining these entries, the Court finds the entries are erroneous and must be deducted from the hours billed prior to calculating the lodestar. Accordingly, the Court will deduct .60 hours from Stempler's hours billed and 3.30 hours from Trueblood hours billed prior to calculating the lodestar.

### 4.     Reduction Of Billable Hours For Non-Existent Hearing On Motion For Attorney's Fees

Apparently, in anticipation of his attendance at the scheduled hearing before this Court on the present Motion, Trueblood has included in his attached time records 2.0 hours for "Anticipated time to attend hearing on fee application, including travel time." Because, by virtue of this Order, the Court has vacated the hearing on this matter, these prospective billable hours are obviously not recoverable. Accordingly, the Court will deduct these 2.0 billable hours from its lodestar calculation.

### 5.     Reduction of Billable Hours for Relative Lack of Success

In this case, Plaintiff received $9,500 in damages pursuant to the settlement agreement, and is now seeking $37,322.50 in attorney's fees. Defendants argue that the amount of attorney's fees sought is not justified by the relatively modest recovery with respect to damages Plaintiff received under the settlement agreement, and suggest that Plaintiff be awarded no more than $8,000 in attorney's fees. Plaintiff argues that his counsel was necessarily forced to expend extensive time and labor on the case as a result of Defendants' steadfast refusal to settle – or even consider settling – for the first six months of the case. The Court agrees with Plaintiff that most of the attorney's fees Plaintiff is now seeking to recover from Defendants were incurred due to Defendants delay in settling this case. However, the Court also agrees with Defendants that the difference between the amount of attorney's fees sought by Plaintiff and the results obtained by Plaintiff in the settlement must be factored into the Court's fee determination. Accordingly, in light

of the significant discrepancy between the attorney's fees sought and the Plaintiff's recovery, but cognizant that these seemingly exorbitant fees were primarily the result of Defendants' intransigence rather than Plaintiff's Counsels' over-billing, the Court will reduce the billable hours component of the lodestar by twenty-five percent from 25.8 hours to 19.35 hours for the hours billed by Trueblood and from 46.8 hours to 35.1 hours for the hours billed by Stempler.[4]

### C. Reasonable Expenses Are Recoverable

"Properly included in an award of attorneys' fees are costs and fees for paralegals, out-of-pocket expenses, including travel, telephone, mailing, copying and computerized legal research expenses." *Sure Safe Industries Inc. v. C & R Pier Mfg.*, 152 F.R.D. 625, 626 (S.D. Cal. 1993). Thus, despite Defendant's bald assertion otherwise, Plaintiff's Counsels' reasonable costs and expenses of $ 1,359.58[5] are recoverable. Defendants agree that Plaintiff's $350 filing fee is recoverable. However, the billing statements attached to the declarations of Stempler and Trueblood demonstrate that the remaining amount Plaintiff seeks in costs and expenses include fees for mailing, parking, messenger and service of process fees. These are exactly the type of costs and expenses that Plaintiff is entitled to receive. Accordingly, the Court will include Plaintiff's costs and expenses of $1,359.58 in its award of attorney's fees and costs.

## III. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion and orders Defendants to pay Plaintiff attorney's fees in the amount of $ 23,222.83 ((19.35 hours x $495 for Trueblood) + (35.1 hours x $350 for Stempler) + $1,359.58 in costs and expenses). Defendants shall pay the award of attorney's fees not later than June 6, 2008.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.

---

[4]Such a reduction is consistent with Ninth Circuit precedent and decisions from other jurisdictions. *See, e.g., Cunningham v. County of Los Angeles*, 879 F. 2d 481 (9th Cir. 1988) (affirming a district court's reduction of lodestar figure from approximately $29,000 to $12,000 where district court had justified its reduction by noting that the time spent on the case was unreasonable in light of the plaintiff's level of success and despite the fact that the district court did not express any doubts that the time claimed by plaintiff's counsel was actually spent); *Jones v. Espy*, 10 F.3d 690 (9th Cir.1993) (affirming a district court's award that reduced the number of hours reasonably worked by 33% from 550 hours to 370 hours because plaintiffs achieved only limited success); *Sheffer*, *supra*, 290 F. Supp. 2d at 551 (Reducing plaintiff's fee award to $25,000 from the requested $126,543.33 in FCRA litigation where Plaintiff was awarded $1,000 in damages despite seeking $350,000 in damages).

[5] Plaintiff requested $1,128.33 in costs and expenses in the Motion, and an additional $231.25 in costs and expenses in the Reply, related to copying expenses and delivery of courtesy copies to the Court.